68 F.3d 488
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rodolfo D. BERNARDEZ, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3097.
 United States Court of Appeals, Federal Circuit.
 Oct. 12, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Nov. 21, 1995.
 
 Before MAYER, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 PER CURIAM.
 
 
 1
 Rodolfo D. Bernardez petitions for review of the initial decision of the Merit Systems Protection Board, No. SE-0831-94-0451-I-1, affirming the reconsideration decision of the Office of Personnel Management (OPM), which denied his request for a retirement annuity. The initial decision became final on October 4, 1994, when the board denied Bernardez's petition for review. We affirm.
 
 
 2
 We must affirm the board's denial of Bernardez's request for an annuity unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. Id. Sec. 7703(c) (1994). We cannot say that any of these circumstances have been demonstrated here.
 
 
 3
 An employee paid from nonappropriated funds is not considered an "employee" for purposes of the laws administered by OPM. Id. Sec. 2105(c). Federal laws dealing with retirement and annuity benefits are such laws. Id. Sec. 8347(a) (1994). Substantial evidence supports the board's finding that all of Bernardez's service was paid from nonappropriated funds, and we agree that he was not an "employee" subject to the Civil Service Retirement Act (CSRA).
 
 
 4
 We agree further that Bernardez does not meet the exception to the law excluding employees paid with nonappropriated funds from CSRA benefits. Certain service performed by employees paid with nonappropriated funds after June 18, 1952, and before January 1, 1966, is creditable towards CSRA retirement benefits if the employee was subject to the CSRA on November 9, 1986. Id. Sec. 8332(b)(16); 5 C.F.R. Sec. 831.305(b) (1995). Because Bernardez did not begin his service with the Air Force until October 1966 and was not subject to the CSRA on November 9, 1986, he does not qualify for this exception.
 
 
 5
 We have also considered Bernardez's other arguments, including that our decision in Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed.Cir.1995), was wrongly decided, and we do not find them persuasive.